Brenda M. Buchanan, Maine Bar #7042
Warren, Currier & Buchanan, LLC
57 Exchange Street Portland, Maine 04101
brenda@wacubu.com T: 207-772-1262

Madison Condon, N.Y. State Bar # 5653480 *(pro hac vice pending)*
Jason Schwartz, Virginia State Bar # 73398 *(pro hac vice pending)*
Institute for Policy Integrity, New York University Law School
139 MacDougal, 3rd floor, New York, NY 10012
madison.condon@nyu.edu  T: (212) 998-6239

*Attorneys for* Amicus Curiae *Institute for Policy Integrity*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | |
|---|---|
| THE FAMILY PLANNING ASSOCIATION OF MAINE D/B/A MAINE FAMILY PLANNING, on behalf of itself, its staff, and its patients;<br><br>and<br><br>J. DOE, DO, MPH, individually and on behalf of Dr. Doe's patients,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES;<br><br>ALEX M. AZAR II, in his official capacity as Secretary of Health and Human Services;<br><br>OFFICE OF POPULATION AFFAIRS;<br><br>and<br><br>DIANE FOLEY, M.D., in her official capacity as the Deputy Assistant Secretary for Population Affairs,<br><br>Defendants. | Case No.1:19-CV-00100-LEW<br><br>UNOPPOSED MOTION TO APPEAR AS AMICUS CURIAE AND TO FILE BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

The Institute for Policy Integrity at New York University School of Law ("Policy Integrity") hereby moves the Court for leave to file the accompanying *amicus curiae* brief in the above-captioned case in support of Plaintiffs' Motion for a Preliminary Injunction. All parties jointly gave blanket consent to the filing of *amicus* briefs provided they conform to an agreed upon schedule. Joint Notice of Blanket Consent, ECF No. 19. In accordance with that schedule, Policy Integrity seeks leave to file its brief on April 11, 2019, two business days before Defendants' opposition is due on April 15.

## I.     LEGAL STANDARD

The Court has discretion to grant or deny an *amicus curiae* permission to file a brief. *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970). The participation of an *amicus* in a proceeding should be "for the benefit of the court." *Alliance of Auto. Mfrs. v. Gwadowksy*, 297 F. Supp. 2d 305, 307 (D. Me. 2003) (internal citation omitted). Courts grant *amicus* status in instances where "there is an issue of general public interest," the *amicus* usefully supplements legal points raised by counsel for the parties, or the *amicus* provides a "complete and plenary presentation of difficult issues." *Animal Prot. Inst. v. Martin*, No. CV-06-128 BW, 2007 WL 647567, at *2 (D. Me. Feb. 23, 2007) (citing *Gwadowsky*, 297 F. Supp. 2d at 307). For the reasons explained below, Policy Integrity's motion satisfies these criteria.

## II.    INTEREST OF AMICUS CURIAE

Policy Integrity has a strong interest in this case. Policy Integrity is a nonpartisan, not-for-profit think tank dedicated to improving the quality of government decision-making through advocacy and scholarship in the fields of administrative law, economics, and public policy. Policy Integrity's legal and economic experts have produced extensive scholarship on the best practices for regulatory impact analysis and the proper valuation of regulatory costs and benefits.

Policy Integrity's director, Richard L. Revesz, has published more than eighty articles and books on environmental and administrative law, including on the legal and economic principles for rational regulatory decisions. *See e.g.*, Richard Revesz & Michael Livermore, *Retaking Rationality: How Cost-Benefit Analysis Can Better Protect the Environment and Our Health* (2008).[1] Its legal director, Jason A. Schwartz, has similarly produced expert scholarship on regulatory decision-making, including the book chapter, "Approaches to Cost-Benefit Analysis" in the *Handbook of Regulatory Impact Assessment* (Claire A. Dunlop & Claudio M. Radaelli eds., 2016).

In furtherance of its mission to promote rational decision-making, Policy Integrity has filed many *amicus curiae* briefs advising courts on agencies' economic analyses of regulatory actions. *See e.g.*, Br. for Inst. for Policy Integrity as Amicus Curiae, *California v. U.S. Bureau of Land Mgmt.*, 277 F. Supp. 3d 1106 (N.D. Cal. 2017) (arguing that failure to consider costs, in the form of forgone benefits, is arbitrary); *see California*, 277 F. Supp. 3d at 1123 (ruling that failure to consider the forgone benefits was arbitrary).

Policy Integrity has particular expertise on the regulatory impact analysis that the Department of Health and Human Services ("HHS") conducted in support of its rulemaking on the obligations of Title X grantees. It both submitted comments on the proposed rule, Policy Integrity Comment Ltr. (Aug. 1, 2018),[2] and formally met with the Office of Information and Regulatory Affairs to present critiques of the regulatory impact analysis. Policy Integrity seeks to provide this court with context on the legal and economic standards for best practices in regulatory impact analysis, which will show that HHS's analysis of the Final Rule's costs and

---

[1] A full list of publications is available on Professor Revesz's online faculty profile, https://its.law.nyu.edu/facultyprofiles/index.cfm?fuseaction=profile.overview&personid=20228.

[2] https://www.regulations.gov/document?D=HHS-OS-2018-0008-192646.

Page 3

benefits arbitrarily violated those standards. Policy Integrity therefore seeks leave to appear as *amicus* and file the accompanying brief in support of the motions for preliminary injunction.

The Administrative Procedure Act requires an agency to "examine the relevant data and articulate a satisfactory explanation for its action." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Courts reverse where an examination of that explanation makes clear that the agency failed to consider "an important aspect of the problem." *Id.* One important factor that agencies must address when explaining a decision is the cost that the decision imposes on society. Executive Order 12,866, which has governed regulatory decisionmaking since 1993 and continues to apply today,[3] instructs agencies to consider a regulation's costs, including "any adverse effects . . . on health [and] safety." Exec. Order No. 12,866 § 6(a)(3)(C)(ii), 58 Fed. Reg. 51,735 (Oct. 4, 1993). And courts have consistently required agencies to take the costs of their actions into account. *See Michigan v. EPA*, 135 S. Ct. 2699, 2707 (2015) (explaining that under 42 U.S.C. § 7412, "[n]o regulation is 'appropriate' if it does significantly more harm than good").

In this case, as explained in the proposed *amicus* brief, HHS has not adequately assessed the health and economic impacts of its final rule, Compliance with Statutory Program Integrity Requirements, 84 Fed. Reg. 7714 (Mar. 4, 2019) ("Final Rule"). In particular, HHS has failed to assess the Final Rule's substantial health costs, grossly underestimated and ignored direct compliance costs, and made conclusory statements about the Rule's alleged benefits without evidentiary support. Policy Integrity's general interest in this case is to ensure that agencies

---

[3] *See* Office of Mgmt. & Budget, Memorandum: Implementing Executive Order 13,771, Titled "Reducing Regulation and Controlling Regulatory Costs" pt. II (Apr. 5, 2017) ("EO 12866 remains the primary governing EO regarding regulatory planning and review."), https://www.whitehouse.gov/sites/whitehouse.gov/files/omb/memoranda/2017/M-17-21-OMB.pdf.

comply with their obligation to accurately assess the economic and health impacts of regulatory decisions.

### III.     POLICY INTEGRITY'S EXPERTISE WILL BENEFIT THE COURT

Policy Integrity's proposed *amicus* brief is useful to the court. Policy Integrity has experience with the Final Rule at issue in this case, having submitted comments to HHS in its proposal phase. Policy Integrity Comment, *supra*. Policy Integrity has drawn on that experience, as well as its expertise in cost-benefit analysis, to explain why HHS's treatment of the Final Rule's economic impacts was arbitrary and capricious. While Plaintiffs have made arguments about HHS's failure to provide a reasoned explanation for the Final Rule, Policy Integrity's focus on the legal sufficiency of the agency's economic analysis offers a unique contribution to the arguments before the Court.

### IV.     CONCLUSION

This Court should allow Policy Integrity to participate as *amicus curiae*.

Dated: April 11, 2019                    Respectfully submitted,

/s/ Brenda M. Buchanan
Brenda M. Buchanan, Maine Bar #7042
Warren, Currier & Buchanan, LLC
57 Exchange Street Portland, Maine 04101
brenda@wacubu.com T: 207-772-1262

Madison Condon, N.Y. State Bar # 5653480
*(pro hac vice pending)*
Jason Schwartz, Virginia State Bar # 73398
*(pro hac vice pending)*
Institute for Policy Integrity,
New York University Law School
139 MacDougal, 3rd floor,
New York, NY 10012
madison.condon@nyu.edu
T: (212) 998-6239

*Attorneys for* Amicus Curiae *Institute for Policy Integrity*

**CERTIFICATE OF SERVICE**

I hereby certify that on April, 11 2019, I electronically filed the within Unopposed Motion to Appear as Amicus Curiae and to File Brief In Support of Plaintiffs' Motion For Preliminary Injunction with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Brenda M. Buchanan
Brenda M. Buchanan, Maine Bar #7042
Warren, Currier & Buchanan, LLC
57 Exchange Street Portland, Maine 04101
brenda@wacubu.com T: 207-772-1262