# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

THE FAMILY PLANNING )
ASSOCIATION OF MAINE D/B/A )
MAINE FAMILY PLANNING, *et al.*, )
  )
        Plaintiffs )
  )
    v. )    No. 1:19-cv-00100-LEW
  )
UNITED STATES DEPARTMENT )
OF HEALTH AND HUMAN SERVICES, )
*et al.*, )
  )
        Defendants )

## **DECISION AND ORDER ON MOTION TO AMEND ORDER**

The matter is before the Court on Plaintiffs' Opposed Motion to Amend Preliminary Injunction Order, or in the Alternative for Injunction Pending Appeal (ECF No. 78). The Plaintiffs take issue with footnotes 13 and 23 of my recent Decision and Order on their motion for preliminary injunctive relief:

> 13. On June 10, 2019, Governor Janet Mills signed into law An Act to Authorize Certain Health Care Professionals to Perform Abortion, P.L. 2019, ch. 262, §§ 1596 to 1599-A, which authorizes advanced practice providers other than physicians to provide abortion services. Passage of the Act changes, considerably, the legal landscape surrounding the provision of abortion services in Maine and undermines many of the assumptions upon which Plaintiffs' motion for preliminary injunction relies.

> 23. Once more, the recent passage of An Act to Authorize Certain Health Care Professionals to Perform Abortion, P.L. 2019, ch. 262, §§ 1596 to 1599-A, has serious implications for Plaintiffs' preliminary injunction showing. Given it is now lawful for APRNs to provide abortion services, Plaintiffs' portrayal of driving burdens is not calibrated to existing conditions.

The Plaintiffs ask that I amend the Decision and Order "to clarify the factual and legal impact" of the new law. Motion at 1. In the alternative, they ask that I enter an injunction pending resolution of the Plaintiff's planned appeal of the Decision and Order. *Id.* at 2.

The footnotes communicate my concern with the Plaintiffs' contention that Maine Family Planning must abandon the Title X program and close 11 to 15, or all 17, satellite clinics because there is no feasible means of developing an abortion network untethered from Title X that is both sustainable from an economic standpoint and reasonably accessible to those rural Mainers who have limited access to reliable vehicular transportation.

The idea behind the footnotes was merely that, given the changing legal landscape in Maine, which will be more conducive to the provision of abortion services, a motivated entity with a talented staff of APRNs intent on finding a way to serve rural Maine women could come up with a plan that does not require a choice between the two extremes currently proposed: either the closure of the vast majority of existing clinics based on Maine Family Planning's departure from the Title X program or the economically non-viable acquisition of 17 or 18 new abortion clinics. In any event, the legal standard does not require the Court to grant the request for a preliminary injunction unless it can describe a business model that would permit Maine Family Planning to continue as a primary

provider of abortion services with the same physical geographic distribution.[1]

Ultimately, I denied the motion for preliminary injunctive relief because I was not persuaded that the Plaintiffs demonstrated the likelihood of success on the merits of their legal arguments. "Likelihood of success is the main bearing wall of the four-factor framework." *Ross-Simons of Warwick*, *Inc. v. Baccarat*, *Inc.*, 102 F.3d 12, 16 (1st Cir. 1996). On this issue "the district court is required only to make an estimation of likelihood of success and 'need not predict the eventual outcome on the merits with absolute assurance.'" *Corp. Techs.*, *Inc. v. Harnett*, 731 F.3d 6, 10 (1st Cir. 2013) (quoting *Ross–Simons*, 102 F.3d at 16). If the party seeking injunctive relief fails to make a persuasive showing of likelihood of success, then generally the court acts within its discretion if it denies relief without addressing the remaining factors. *New Comm. Wireless Servs.*, *Inc. v. SprintCom*, *Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity."). Footnotes 13 and 23 are not material to my conclusion that the Plaintiffs did not demonstrate the likelihood of their success. Consequently, I do not agree that there is a need to amend the Decision and Order.

Although I did not base my ruling on the "irreparable injury" factor, the Plaintiffs are wrong to read my Decision and Order as a rejection of their contention that the business

---

[1] The Plaintiffs assert: "The medication abortions performed by MFP, even if performed by an APRN rather than a physician, still involve physical facilities in which ultrasounds are performed, the patient receives counseling, and medications are provided to the patient, … and the difficulty and expense of locating, building, and maintaining such physical facilities is unaffected by the New Law." Mot. Mem. at 6 (ECF No. 78-1). There is one stated premise and one unstated assumption operating as a sort of received wisdom, which I do not regard as well-established facts. The stated premise is that a well-distributed abortion care network in Maine requires a dozen or more clinics. The unstated assumption is that abortion access for the most rural Mainers cannot be facilitated by other means, including the provision of mobile medical services.

model they use to provide abortion services will have to change if they are subject to the Final Rule or if they abandon the Title X program. As I indicated in the Decision and Order, I am concerned that following implementation of the Final Rule a significant number of women who would choose to access abortion services will travel a more convoluted path to access those services, precisely because of the disruptions the Final Rule will produce for Maine Family Planning's abortion network. However, it strikes me that the path forward in Maine does not have to be as limited as the Plaintiffs' portray, and footnotes 13 and 23 simply provide some context for this assessment.

Finally, I am not persuaded that it is appropriate to enter a temporary injunction pending review by the First Circuit where I have concluded that the Plaintiffs have not demonstrated a likelihood of success on the merits, where the Court has done everything it could to expedite proceedings, and where the Plaintiffs influenced the timing of their appeal by withdrawing their motion for injunctive relief for a two-month period (ECF Nos. 65, 73) and by filing the instant motion.

## CONCLUSION

Plaintiff's Opposed Motion to Amend Preliminary Injunction Order, or in the Alternative for Injunction Pending Appeal (ECF No. 78) is DENIED.


SO ORDERED.

Dated this 9th day of August, 2019.

/ Lance E. Walker
LANCE E. WALKER
U.S. DISTRICT JUDGE